```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
FRANK SCHWAMBORN, and others
who are similarly situated,

                Plaintiff,

        -against-                           MEMORANDUM AND ORDER
                                            08-CV-2530 (JS)(ARL)
FEDERAL COURTS EASTERN DISTRICT OF
NEW YORK, CHIEF JUDGE RAYMOND
DEARIE, SENIOR JUDGE I. LEO GLASSER,
DISTRICT JUDGE SANDRA J. FEUERSTEIN,
ROBERT HEINEMANN, UNITED STATES
DISTRICT COURT EASTERN DISTRICT
OF NEW YORK, BENTON J. CAMPBELL
UNITED STATES ATTORNEY EASTERN
DISTRICT OF NEW YORK, BURTON
T. RYAN JR., ASSISTANT UNITED
STATES ATTORNEY,

                Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:      Frank Schwamborn, Pro Se
                    #29480-053
                    Queens Private Detention
                    182-22 150th Avenue
                    Queens, NY 11413

For Defendants:     No appearance
```

SEYBERT, District Judge:

Pro se Plaintiff Frank Schwamborn ("Plaintiff") commenced this action in the Brooklyn Division of the Eastern District of New York on June 5, 2008 against Chief Judge Raymond Dearie, Senior Judge I. Leo Glasser, District Judge Sandra J. Feuerstein, Robert Heinemann, Clerk of the Court, United States Attorney Benton J. Campbell, and Assistant United States Attorney Burton T. Ryan. Plaintiff's self-styled class action complaint, brought pursuant to 42 U.S.C. § 1985 ("Section 1985") and Bivens v. Six Unknown Named

Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971)("Bivens"), is brought "on behalf of himself and others who are similarly situated." On June 25, 2008 Plaintiff's Complaint was transferred to the Central Islip Division of the Eastern District of New York. Presently before the Court is Plaintiff's motion for change of venue to the Southern District of New York and an application to proceed in forma pauperis.

BACKGROUND

In his Complaint and four supporting exhibits, Plaintiff alleges that Chief Judge Raymond Dearie, Senior Judge I. Leo Glasser, District Judge Sandra J. Feuerstein, Clerk of Court Robert Heinemann, United States Attorney Benton J. Campbell, and Assistant United States Attorney Burton T. Ryan (collectively "Defendants") conspired against him in an effort to "judge shop." Plaintiff alleges that the "judge shopping" occurred when an indictment was issued against him on May 19, 2006, and the case, U.S. v. Frank Schwamborn, 06-CR-328, was assigned to Judge Feuerstein.

Plaintiff alleges that Defendants incorrectly applied the Eastern District Guidelines for the Division of Business Among District Judges. Plaintiff was named as a defendant in a 2001 case, United State v. Aparo, 01-CR-416, which was assigned to Senior Judge Glasser. Thereafter, Plaintiff was named as a defendant in United States v. Schwamborn, 06-CR-328, assigned to

2

Judge Feuerstein. Plaintiff claims that the latter case should have been assigned to Judge Glasser, because Judge Glasser is presiding over the earlier case. Plaintiff alleges that the decision to assign the later case to Judge Feuerstein was a conspiracy by Defendants to violate Plaintiff's due process rights, and a failure by Defendants to "safeguard the rights of individual defendants guaranteed by the United States Constitution that these Defendants are sworn by oath to safeguard and uphold." Complaint at ¶ 23. Plaintiff seeks class action certification "for all others who are similarly situated," as well as declaratory and injunctive relief.

## DISCUSSION

I. Motion For Change Of Venue

Plaintiff requests a change of venue to the Southern District of New York because of "a conflict of interest between the Defendants and the subject matter of this Complaint." The decision to grant a motion to transfer under 28 U.S.C. § 1404 is within the broad discretion of the district court. See Van Dusen v. Barrack, 376 U.S. 612, 622, 84 S. Ct. 805, 11 L. Ed. 2d 945 (1964); Filmline (Cross Country) Productions, Inc., v. United Artists Corp., 865 F.2d 513, 520 (2d Cir. 1989).

Section 1404(a) directs the court to conduct an "individualized, case-by-case consideration of convenience and fairness." Van Dusen, 376 U.S. at 622. Pursuant to 28 U.S.C. 1404(a) "[f]or the convenience of parties and witnesses, in the

interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The court must consider a variety of factors in determining whether the balance of conveniences and interests weighs in favor of a trial in the proposed transferee forum, including: (1) convenience of the parties; (2) convenience of the witnesses; (3) availability of process to compel the presence of unwilling witnesses; (4) access to sources of proof; (5) where the events at issue took place; (6) where the case can be more expeditiously and inexpensively tried; (7) remoteness of the forum from the situs of the event; and (8) the forum court's need to rely on foreign law. Blanco v. Banco Industrial de Venezuela, S.A., 997 F.2d 974, 980 (2d Cir. 1993) (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508-09, 67 S. Ct. 839, 91 L. Ed. 1055 (1947)).

Here, Plaintiff does not provide facts supporting the required finding that venue would be proper in the Southern District of New York. Rather Plaintiff's Complaint explicitly states that "venue is properly seated within the Eastern District of New York, as the district where all parties reside and which the claims arose." Complaint at ¶ 3. Because Defendants reside in the Eastern District of New York and the events giving rise to the claim occurred in the Eastern District of New York, there is no legal basis for venue in the Southern District of New York.

Accordingly, Plaintiff's motion is DENIED.

II. <u>Pro Se Petitioner May Not Represent Others</u>

Plaintiff asserts that his claims are brought "on behalf of himself and others who are similarly situated." Complaint at ¶¶ 11-18. It is well settled that non-attorneys cannot represent anyone other than themselves and cannot prosecute class actions on behalf of others. <u>See</u> 28 U.S.C. § 1654; <u>see also</u> <u>Iannaccone v. Law</u>, 142 F.3d 553, 558 (2d Cir. 1998) (citing <u>Pridgen v. Andersen</u>, 113 F.3d 391, 393 (2d Cir. 1997)) ("because <u>pro</u> <u>se</u> means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to him."). To the extent that Plaintiff seeks to bring a class action and assert claims on behalf of third parties, such claims are DISMISSED.

III. <u>In Forma Pauperis Application</u>

Upon review of Plaintiff's declaration in support of his application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, the Court determines that the Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. <u>See</u> 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed <u>in</u> <u>forma</u> <u>pauperis</u> is GRANTED.

IV. <u>Application Of The Prisoner Litigation Reform Act</u>

The 1996 Prisoner Litigation Reform Act, codified at 28 U.S.C. § 1915, requires a district court to dismiss an <u>in</u> <u>forma</u>

pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i-iii). The Court is required to dismiss the action as soon as it makes such a determination. See id.

It is axiomatic that the Court is required to read the Plaintiff's pro se Complaint liberally and to construe a pro se plaintiff's papers "'to raise the strongest arguments that they suggest.'" Soto v. Walker, 44 F.3d 169, 173 (2d Cir. 1995) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)); see also Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 176 (1980); Haines v. Kerner, 404 U.S. 519, 520-21 (1972); see also Erickson v. Pardus, -- U.S. --, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) ("a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers"). Moreover, at this stage of the proceedings, the Court assumes the truth of the allegations in the Complaint. See H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 249-50 (1989); Koppel v. 4987 Corp., 167 F.3d 125, 127 (2d Cir. 1999).

Notwithstanding the liberal pleading standards, all complaints must contain at least "some minimum level of factual support for their claims," Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987). Rule 8 of the Federal Rules of Civil Procedure provides, in relevant part, that a complaint "shall

contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8. Essentially, Rule 8 ensures that a complaint provides a defendant with sufficient notice of the claims against him. See Fed. R. Civ. P. 8; Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). In that vein, the Second Circuit has held that complaints containing only vague or conclusory accusations and no specific facts regarding the alleged wrongdoing do not allow defendants to frame an intelligent defense and are therefore subject to dismissal. See Alfaro Motors, 814 F.2d at 887.

At the outset, even according Plaintiff's Complaint a liberal reading, the Court finds that all but one of the Defendants have absolute immunity from suit, and any action against them should be dismissed as frivolous pursuant to Section 1915(e)(2)(B). Nietzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); Abrams v. Sprizzo, 201 F.3d 430 (2d Cir. 1999) (upholding sua sponte dismissal of Bivens action against judges and prosecutors). Moreover, Plaintiff may not state a cause of action based upon an alleged violation of the Local Rules of this District. See United States v. Garces, 849 F. Supp. 852, 860 (E.D.N.Y. 1994) ("[T]his Court reiterates that [the] rules are not intended to give the parties a right to litigate where a particular case will be tried, but merely provide the guidelines by which the

7

Eastern District administratively handles and assigns its cases.")

   A.  Judicial Immunity

   Under the doctrine of absolute judicial immunity, judges are subject to suit only for (1) "non-judicial actions, i.e., actions not taken in the judge's judicial capacity," or (2) "actions, though judicial in nature, taken in the complete absence of all jurisdiction." Mireles v. Waco, 502 U.S. 9, 11-12, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991); see Stump v. Sparkman, 435 U.S. 349, 356, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978). This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." Mireles, 502 U.S. at 11 (quoting Stump, 435 U.S. at 356). Here, Plaintiff's allegations relate to case assignment, an action clearly taken within judicial capacity. Accordingly, the judges in this case, Chief Judge Dearie, Judge Glasser and Judge Feuerstein, are absolutely immune from suit for their conduct and the action against them is DISMISSED.

   B.  Prosecutorial Immunity

   Similarly, the doctrine of absolute immunity shields a prosecutor from liability for virtually all acts within the scope of his duties while pursuing a criminal prosecution, regardless of motivation. Doe v. Phillips, 81 F.3d 1204, 1209 (2d Cir. 1996); Dory v. Ryan, 25 F.3d 81, 83 (2d Cir. 1993). Plaintiff alleges

8

that the United States Attorney Benton Campbell and Assistant United States Attorney Burton Ryan conspired against him when filing an information sheet which resulted in his case being assigned to Judge Feuerstein. It is well settled that "a prosecutor who seeks or acquiesces in the assignment of a trial judge acts within the 'traditional function of a prosecutor,' he is absolutely immune from liability." Ige v. U.S. Attorney's Office, 104 F.3d 353 (2d Cir. 1996)(citing Doe, 81 F.3d at 1209). Accordingly, the prosecutors in this case, Benton J. Campbell and Burton T. Ryan, are absolutely immune from suit for their conduct and the action against them is DISMISSED.

    C.    <u>Plaintiff Cannot State A Cause Of Action Based Upon The Local Rules</u>

Lastly, Plaintiff's Complaint must be dismissed because it fails to state a cognizable cause of action. Plaintiff's entire Complaint is based upon an administrative decision to assign Plaintiff's second criminal case to Judge Feuerstein, rather than to Judge Glasser, who is presiding over Plaintiff's first criminal case. Plaintiff claims that this decision violations Rules 50.2, 50.3, and 50.4 of the Eastern District Guidelines for the Division of Business Among District Judges (the "Guidelines"), and therefore violates his constitutional right of due process. However, as the preamble to the Guidelines clearly states, "[t]hese rules are adopted for the internal management of the caseload of the court and shall not be deemed to vest any rights in litigants or their

attorneys." Accordingly, Plaintiff has no basis in law for bringing a lawsuit based upon an alleged violation of the Guidelines. See United States v. Garces, 849 F. Supp. 852, 861 (E.D.N.Y. 1994). ("[T]he Court emphasizes the absence of any right in litigants to use these rules to challenge how the District chooses to assign its cases."). Moreover, the Court notes that Plaintiff's second criminal action was properly assigned to a judge sitting in the Central Islip courthouse because that case involved crimes allegedly committed in Suffolk County. Pursuant to Guideline 50.1(d)(1), "a criminal case shall be designated a 'Long Island case' if the crime was allegedly committed wholly or in substantial part in Nassau or Suffolk County." The crimes alleged in this case have allegedly been committed in Suffolk County, making assignment to the Central Islip Courthouse proper.

V. Leave To Amend

Rule 15(a) of the Federal Rules of Civil Procedure states that a party shall be given leave to replead when justice so requires. A district court "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991); see also Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991). Here, the Court finds that leave to amend is not warranted because Plaintiff's Complaint, liberally read, fails to state any

cognizable claims. Accordingly, leave to amend is denied, and Plaintiff's Complaint is dismissed with prejudice.

CONCLUSION

Based on the foregoing and the Complaint in this action, it is hereby

ORDERED, that Plaintiff's motion for change of venue is DENIED; and it is further

ORDERED, that Plaintiff's request for class certification is DENIED; and it is further

ORDERED, that Plaintiff's request to proceed in forma pauperis is hereby GRANTED; and it is further

ORDERED, that Plaintiff's Complaint is DISMISSED with prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert U.S.D.J.

Dated: Central Islip New York
July  21 , 2008